Susan Karlovich (SK-9485)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800 Fax: (973) 624-0808
Attorneys for Defendants John Pittman and Elizabeth Kay Collier Pittman

UNITED STATED DISTRICT COURT
DISTRICT OF NEW JERSEY

HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation,

    Plaintiff,

v.

TRI HOTELS, INC., a Tennessee corporation, JOHN PITTMAN, an individual, ELIZABETH KAY COLLIER-PITTMAN, a/k/a Kay Collier Pittman, an individual, and JAMES R. MABE, a/k/a Rick Mabe,

    Defendants.

Civil Action No. 03-3735 (WJM)

ANSWER OF JOHN PITTMAN
AND KAY COLLIER PITTMAN

    Defendants John Pittman and Kay Collier Pittman, also known as Elizabeth Kay Collier-Pittman (hereinafter collectively referred to as "Defendants" or "The Pittmans") by way of Answer to the Complaint herein says:

**PARTIES, JURISDICTION AND VENUE**

    1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and leave plaintiff to its proofs at trial.

    2.    Defendants admit the allegations contained in Paragraph 2.

    3.    Defendants admit that John Pittman resides at 437 Sugar Hollow Road, Pigeon Forge, TN, 37863, but deny that he is a principal of Tri Hotels, Inc. ("Tri Hotels").

348512.1

4. Defendants admit that Kay Collier-Pittman resides at 437 Sugar Hollow Road, Pigeon Forge, TN 37863, but deny that she is a principal of Tri Hotels, Inc. ("Tri Hotels").

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Defendants admit the allegations contained in Paragraph 6.

7. Defendants neither admit nor deny the allegations contained in Paragraph 7 as they present questions of law and leave plaintiff to its proofs at trial. To the extent an admission or denial is required, the allegations contained in Paragraph 7 are denied and strict proof is demanded.

8. Defendants neither admit nor deny the allegations contained in Paragraph 8 as they present questions of law and leave plaintiff to its proofs at trial. To the extent an admission or denial is required, the allegations contained in Paragraph 8 are denied and strict proof is demanded.

9. Defendants neither admit nor deny the allegations contained in Paragraph 9 as they present questions of law and leave plaintiff to its proofs at trial. To the extent an admission or denial is required, the allegations contained in Paragraph 9 are denied and strict proof is demanded.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Agreements Between the Parties

10. Defendants admit executing the License Agreement attached as Exhibit A to the Complaint, but neither admit nor deny the remainder of allegations contained in Paragraph 10 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 10 are denied and strict proof is demanded.

11. Defendants neither admit nor deny the allegations contained in Paragraph 11 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 11 are denied and strict proof is demanded.

12. Defendants neither admit nor deny the allegations contained in Paragraph 12 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 12 are denied and strict proof is demanded.

13. Defendants neither admit nor deny the allegations contained in Paragraph 13 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 13 are denied and strict proof is demanded.

14. Defendants neither admit nor deny the allegations contained in Paragraph 14 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 14 are denied and strict proof is demanded.

15. Defendants neither admit nor deny the allegations contained in Paragraph 15 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 15 are denied and strict proof is demanded.

16. Defendants neither admit nor deny the allegations contained in Paragraph 16 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 16 are denied and strict proof is demanded.

17. Defendants neither admit nor deny the allegations contained in Paragraph 17 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 17 are denied and strict proof is demanded.

18. Defendants neither admit nor deny the allegations contained in Paragraph 18 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 18 are denied and strict proof is demanded.

19. Defendants neither admit nor deny the allegations contained in Paragraph 19 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 19 are denied and strict proof is demanded.

20. Defendants neither admit nor deny the allegations contained in Paragraph 20 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 20 are denied and strict proof is demanded.

21. Defendants admit executing the Guaranty attached to the Complaint as Exhibit B but the remainder of allegations contained in Paragraph 21 are denied.

22. Defendants neither admit nor deny the allegations contained in Paragraph 22 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 22 are denied and strict proof is demanded.

23. Defendants neither admit nor deny the allegations contained in Paragraph 23 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 23 are denied and strict proof is demanded.

### The Defendants' Defaults and Termination

24. Since defendants sold their interest in Tri-Hotels, Inc. on or about December 9, 1999, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and leave plaintiff to its proofs at trial.

25. Since defendants sold their interest in Tri-Hotels, Inc. on or about December 9, 1999, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and leave plaintiff to its proofs at trial.

26. Since defendants sold their interest in Tri-Hotels, Inc. on or about December 9, 1999, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and leave plaintiff to its proofs at trial.

348512.1

- 4 -

27. Since defendants sold their interest in Tri-Hotels, Inc. on or about December 9, 1999, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and leave plaintiff to its proofs at trial.

### FIRST COUNT

28. Defendants repeat their answers to Paragraphs 1 through 27 of the Complaint as if set forth at length herein.

29. Defendants neither admit nor deny the allegations contained in Paragraph 29 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 29 are denied and strict proofs are demanded.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the First Count and strict proofs are demanded.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the First Count and strict proofs are demanded.

### SECOND COUNT

32. Defendants repeat their answers to Paragraphs 1 through 31 of the Complaint as if set forth at length herein.

33. Since defendants sold their interest in Tri-Hotels, Inc. on or about December 9, 1999, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and strict proofs are demanded.

34. Defendants neither admit nor deny the allegations contained in Paragraph 34 as the document speaks for itself and no admission or denial is required. To the extent an admission or

denial is required, the allegations contained in Paragraph 34 are denied and strict proofs are demanded.

35. Defendants deny the allegations contained in Paragraph 35 of the Second Count.

36. Since defendants sold their interest in Tri-Hotels, Inc. on or about December 9, 1999, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and strict proofs are demanded.

37. Defendants deny the allegations contained in Paragraph 37 of the Second Count.

### THIRD COUNT

38. Defendants repeat their answers to Paragraphs 1 through 37 of the Complaint as if set forth at length herein.

39. Defendants deny the allegations contained in Paragraph 39 of the Third Count.

40. Defendants deny the allegations contained in Paragraph 40 of the Third Count.

41. Defendants deny the allegations contained in Paragraph 41 of the Third Count.

### FOURTH COUNT

42. Defendants repeat their answers to Paragraphs 1 through 41 of the Complaint as if set forth at length herein.

43. Defendants neither admit nor deny the allegations contained in Paragraph 43 as the documents speak for themselves and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 43 are denied and strict proofs are demanded.

44. Defendants deny the allegations contained in Paragraph 44 of the Fourth Count.

45. Defendants deny the allegations contained in Paragraph 45 of the Fourth Count.

## FIFTH COUNT

46. Defendants repeat their answers to Paragraphs 1 through 45 of the Complaint as if set forth at length herein.

47. Defendants deny the allegations contained in Paragraph 47 of the Fifth Count.

48. Defendants deny the allegations contained in Paragraph 48 of the Fifth Count.

49. Defendants deny the allegations contained in Paragraph 49 of the Third Count.

## SIXTH COUNT

50. Defendants repeat their answers to Paragraphs 1 through 49 of the Complaint as if set forth at length herein.

51. Defendants neither admit nor deny the allegations contained in Paragraph 51 as the document speaks for itself and no admission or denial is required. To the extent an admission or denial is required, the allegations contained in Paragraph 51 are denied and strict proofs are demanded.

52. Defendants admit that they have made no payments, denies that they are obligated to do so or failed to perform under the License Agreement in any way and deny information sufficient to form a belief as to Mr. Mabe's actions or obligations as set forth in Paragraph 52 of the Sixth Count.

53. Defendants deny the allegations contained in Paragraph 53 of the Sixth Count.

## AFFIRMATIVE DEFENSES

1. Defendants' obligations under the License Agreement ceased with the sale of their interest in Tri-Hotels, Inc. on or about December 9, 1999.

2. On information and belief, HJI defaulted in its obligation owed to Tri-Hotels under the License Agreement and thereby relieved Tri-Hotels of it obligations under the License Agreement.

3. On information and belief, the License Agreement was terminated upon HJI's failure to provide services material to Tri-Hotels' operation on the same terms, conditions and availability as other franchisees in Tennessee, pursuant to T.C.A. § 47-25-1504.

4. HJI is estopped from claiming a breach under the License Agreement.

5. The complained of occurrence was caused by third parties over whom this defendant had no control.

6. Answering defendants did not breach any contractual, general or other duty to HJI.

7. The complaint must be dismissed for failure to join an indispensable party.

8. The plaintiff's claim is barred under the doctrine of unclean hands.

9. Defendant reserves the right to raise any other affirmative defenses or counterclaims discovered through pre-trial discovery or during the course of trial.

## CERTIFICATION OF NO OTHER PENDING ACTION OR ARBITRATION

Pursuant to L. Civ. R. 11.2, I hereby certify that, to the best of my knowledge, this matter in controversy is not the subject of any other pending or contemplated action or arbitration or administrative proceeding.

        **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
        **Attorneys for Defendants John Pittman and Kay Collier Pittman,**
        **also known as Kay Collier Pittman**

        By: _____
                Susan Karlovich (SK-9485)

DATED: June 25, 2004

## CERTIFICATION OF MAILING

I, Florence O'Brien, certify as follows:

I am a secretary employed by the firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for defendants, John Pittman and Kay Collier-Pittman, in the within matter. I made service of the within Answer on behalf of the herein named defendants by mailing a clear copy of the same by First Class Mail upon:

Cristina N. Campanella, Esq.
Pitney, Hardin, Kipp & Szuch LLP
P.O. Box 1945
200 Campus Drive
Morristown, New Jersey 07962

Claudia A. Costa
Stryker, Tams & Dill LLP
Two Penn Plaza East
Newark, New Jersey 07105

I certify that the original of the within Answer to the Complaint was hand-delivered to the Clerk of the United States District Court, District of New Jersey in Newark, New Jersey, pursuant to the direct filing system on this same date.

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Florence O'Brien*
Florence O'Brien

Dated: 06/25/04

- 10 -

348512.1